UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD A. BEHL, SR.,

      Petitioner,

v.                          Case No:  2:22-cv-799-JES-NPM

SECREATRY, DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____

## OPINION AND ORDER

Before the Court is Petitioner Edward Behl's Emergency Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1). Behl is serving a state prison sentence in the Florida Department of Corrections. The Court reviews Behl's petition under Rule 4 of the Rules Governing Section 2254 Cases.[1]

On February 13, 2001, the State of Florida charged Behl with two counts of capital sexual battery and two counts of first-degree sexual battery. (Doc. #1-2 at 2). The State later requested a *nolle prosequi* as to the first capital count. (Doc. #1-3 at 1). Behl was convicted of the remaining capital sexual battery charge (Count 1) and the two counts of first-degree sexual battery (Counts 2 and 3). (Doc. #1-2 at 3). The state trial

---

[1] The Court applies the rules to this case under 2254 Section Rule 1(b).

court sentenced Behl to life imprisonment for Count 1 and consecutive 30-years prison terms for Counts 2 and 3. (Id. at 5-7).  On appeal, the Second District Court of Appeal of Florida (2nd DCA) affirmed the life sentence, reversed the sentences for Counts 2 and 3, and remanded for resentencing.  Behl v. State, 898 So.2d 217, 219 (2nd Dist. Ct. App. Fla. 2005).  The trial court resentenced Behl to two consecutive terms of 287.5 months for Counts 2 and 3.  Behl life sentence was unaffected.

Behl argues he is entitled to immediate release because he has served his 287.5-month sentences.  But Behl is also serving a life sentence.  He points to some confusion at the resentencing hearing as evidence that the State nolle prossed both of the original capital charges, but Behl's exhibits conclusively refute that claim.  The state only nolle prossed one capital sexual battery count; Behl was charged, tried, convicted, and sentenced for the other.  The 2nd DCA affirmed the life sentence, and it was unaffected by the resentencing.  Thus, Behl's Petition is frivolous.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because Petitioner is

not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability.  It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El, 537 U.S. at 335-36.  Behl has not made the requisite showing in these circumstances.  Because Behl is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is hereby

**ORDERED:**

Edward Behl's Emergency Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter

judgment for Respondent and against Petitioner, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of January 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record

- 4 -